**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:06-cr-174 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| JACK REED, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER GRANTING JOINT MOTION TO ENTER ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 686)**

This case is before the Court on the Joint Motion to Enter Order Granting Motion for Compassionate Release (Doc. No. 686) (the "Joint Motion"), filed by Jack Reed ("Reed") and the United States of America ("Government"). For the reasons discussed below, the Court **GRANTS** the Joint Motion.

**I.   BACKGROUND**

On February 16, 2007, the Government filed a Second Superseding Indictment alleging conspiracy to distribute more than one thousand kilograms of marijuana, three counts of storing marijuana for profit in violation of 21 U.S.C. § 856(a)(2), and unlawful possession with the intent to distribute in excess of one hundred kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii) against Reed. (Doc. No. 97 at PageID 180-93.) On November 13, 2007, the Government filed a Third Superseding Indictment alleging conspiracy to distribute more then one thousand kilograms of marijuana, three counts of storing marijuana for profit in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii), two counts of storing marijuana for profit in violation of 21 U.S.C. § 856(a)(2), and two counts of unlawful possession with the intent to distribute in excess

of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii) against Reed. (Doc. No. 235 at PageID 785-99.) On May 26, 2010, Reed signed a plea agreement in which he agreed to plead guilty to one count of conspiracy to distribute more than one thousand kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii). (Doc. No. 598.) On September 30, 2010, the Court sentenced Reed to a one-hundred-and-eighty-month term of incarceration, five years of supervised release, and a $100 special assessment. (Doc. No. 605.)

On September 2, 2021, Reed filed a Motion for Compassionate Release (the "Motion"), (Doc. No. 681) and on September 14, 2021, counsel was appointed. (Doc. No. 682.) On November 1, 2021, Reed and the Government filed the Joint Motion. (Doc. No. 686.) Reed was previously released by the Bureau of Prisons ("BOP") in 2020, but was returned to BOP custody in February 2021 after an alcohol related set back while on home confinement. (*Id*. at PageID 2647.) Reed is scheduled to be released from BOP custody on March 20, 2023. (*Id*. at PageID 2646.)

## II. ANALYSIS

### A. Legal Standard

A district court has limited authority to modify a sentence. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) ("[s]ince the Sentencing Reform Act of 1984, federal law has generally prohibited a district court from modifying a term of imprisonment once it has been imposed") (alterations adopted) (internal quotation marks omitted). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants such authority in certain limited circumstances. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The decision to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A) involves a three-step test, based on three substantive requirements. *United States v. Jones*, 980 F.3d 1098, 1106-08 (6th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A)(i). At step one, a court must find that extraordinary and compelling reasons warrant a sentence reduction. *Jones*, 980 F.3d at 1107-08. At step two, a court must find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* at 1108. At step three, a court must consider any applicable Section 3553(a) factors and, in its discretion, find that the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case. *Id.* A court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). However, a court cannot grant such a motion unless the court addresses "all three steps" and finds that all three substantive requirements are met. *Id.*

The Government does not oppose Reed's Motion and asks that the Court enter an order granting the Motion. (Doc. No. 686 at PageID 2647.) The Joint Motion states that Reed is 71 years old and has asthma, high cholesterol, and high blood pressure. (*Id*. at PageID 2646.) Moreover, while in prison, Reed has been treated for skin cancer. (*Id*.) Having considered the submissions to the Court concerning Reed's medical ailments and the applicable Section 3553(a)

3

factors[1], the Court finds that Reed satisfies the substantive requirements for a compassionate release under 18 U.S.C. § 3582(c)(1)(A).

### III. CONCLUSION

The Court **GRANTS** the Joint Motion to Enter Order Granting Motion for Compassionate Release. (Doc. No. 686.) The term of incarceration of one hundred and eighty months previously imposed in this case is hereby reduced to a term of time served. This order is **STAYED** for fourteen days from the date of this order to facilitate the BOP's ability to quarantine Reed to protect the community from the potential spread of COVID-19.

The Court further orders that, to complete his sentence, Reed shall serve a five-year term of supervised release which will commence upon his release from incarceration. Reed shall serve the initial sixteen months, until and including March 20, 2023, of his supervised release in home confinement. While on supervised release, Reed shall comply with the conditions of supervision previously imposed by this Court.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, November 15, 2021.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] Regarding step two, given that Reed (an incarcerated person) filed the Motion, the Court "may skip" this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111.